3:25-mj-00201

DISTRICT OF OREGON: ss,  AFFIDAVIT OF JOHN MARSHALL

## Affidavit in Support of a Criminal Complaint

I, John Marshall, being first duly sworn, hereby depose and state as follows:

## Introduction and Agent Background

1. I am a Deportation Officer (DO) with the Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations (DHS/ICE/ERO) and have been so employed since 2015. My current assignment is the Prosecutions Team under the Criminal Apprehension Program in Portland, Oregon. I am responsible for conducting criminal and administrative investigations into violations of Federal Immigration Law and related statutes. I have been employed by the Department of Homeland Security (DHS) for over nine years. I am a graduate of the U.S. Immigration and Customs Enforcement Basic Academy in Brunswick, Georgia where I received training in immigration enforcement, interviewing techniques, arrest procedures, arrest and search warrant applications, the execution of searches and seizures, and various other criminal laws and procedures. I have also completed advanced training at the Field Operations Training Program and the Field Operations Training Program-Prosecutions Module at the Federal Law Enforcement Training Center in Charleston, South Carolina.

## Purpose of Affidavit

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Rufilio BLETO-Banegas (DOB XX/XX/1984), for illegal re-entry in violation of Title 8, United States Code, § 1326. As set forth below, there is probable cause to believe, and I do believe, that BLETO-Banegas illegally re-entered the United States following his removal in violation of Title 8, United States Code, § 1326.

**Affidavit of Deportation Officer John Marshall**  Page 1

3.      I have obtained the facts set forth in this affidavit through my personal participation in the investigation described below; from oral and written reports of other law enforcement officers, records, documents and other evidence obtained during this investigation, personal observations, and statements from BLETO-Banegas. I have not included all information learned through this investigation. I have included information I believe is sufficient to establish probable cause for the criminal complaint and arrest warrant requested by this affidavit.

## Applicable Law

4.      Title 8, United States Code, Section 1326(a), establishes a crime for "any alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" who "thereafter enters, attempts to enter, or is at any time found in, the United States, unless [ ] prior to his re-embarkation at a place outside the United States . . ., the Attorney General has expressly consented to such alien's reapplying for admission."

## Summary of Probable Cause

5.      I have reviewed the electronic records for Alien Registration File Number AXXXXXX633 and automated criminal records (FBI: XXX62EC7) relating to BLETO-Banegas, and attest to the following:

    (a) BLETO-Banegas is an approximately forty-year-old male, native and citizen of Honduras, who last entered the United States illegally by crossing the international border on an unknown date and at an unknown location, without first having obtained the consent of the Attorney General of the United States or the U.S. Secretary of Homeland Security.

(b) BLETO-Banegas' Alien Registration File records indicate that he was ordered removed and then deported from the United States to Honduras on multiple occasions, with the last occasion being via a flight from Mesa, Arizona to Honduras, on or about September 20, 2012.

6. In June 2025, I was part of a multi-agency task force conducting a narcotics investigation in the Portland, Oregon metro area. BLETO-Banegas was found during a search warrant executed as part of the ongoing investigation. After coming into contact with BLETO-Banegas during the narcotics investigation, I conducted records checks and found records relating to violations of both administrative and criminal law attributed to BLETO-Banegas. Specifically, I requested BLETO-Banegas' Alien Registration file after a records check of BLETO-Banegas' criminal history reflected prior deportations as well as convictions for illegally re-entering the country.

7. I received BLETO-Banegas' Alien Registration file and conducted a thorough review of his immigration history. I learned that BLETO-Banegas' first encounter with Immigration officials happened on June 30, 2005, near Denver, Colorado after he was convicted of Distribution/Manufacture/Sale/Possession of Drugs in violation of CRS 18-18-405(1), (2)(a)(I)(A) and sentenced to three years prison in the Colorado Department of Corrections. BLETO-Banegas was transferred to the administrative custody of ICE on March 24, 2006.

8. Due to the nature of the drug conviction, BLETO-Banegas was Administratively ordered removed to Honduras on March 29, 2006. BLETO-Banegas was subsequently removed via a flight from the United States to Honduras on May 3, 2006, pursuant to the lawful order of removal.

9.　　I also learned that BLETO-Banegas' most recent removal occurred after he was convicted of Illegal Re-entry in violation of 8 U.S.C. § 1326 in the District of Arizona in 2011, where he was sentenced to 18 months prison. BLETO-Banegas was subsequently removed via a flight from Mesa, Arizona to Honduras on or about September 20, 2012.

10.　　My review of the Alien Registration file confirmed BLETO-Banegas had been formally removed from the United States to Honduras on a total of three (3) occasions, as listed below:

- May 3, 2006
- June 13, 2008
- September 20, 2012

11.　　During my queries of electronic records of the United States Department of Homeland Security (DHS) and my physical review of BLETO-Banegas' Alien Registration file, I did not locate any indication that he ever applied for, nor obtained the permission of the United States Attorney General or the Secretary of Homeland Security to re-enter the United States, specifically the existence of form I-212, *Application for Permission to Reapply for Admission into the United States After Deportation or Removal*.

12.　　On June 26, 2025, I encountered BLETO-Banegas during a planned search and arrest warrant served by a multi-agency task force in Portland, Oregon, for which I took part. I utilized a mobile biometric scanner to scan BLETO-Banegas' fingerprints electronically and submitted them into the Integrated Automated Fingerprint Identification System (IAFIS) which interfaces with the Federal Bureau of Investigation's National Crime Information Center (NCIC) database. BLETO-Banegas' fingerprints were found to be a match to fingerprints corresponding to his criminal and immigration records and prior removals.

13. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Nicole Hermann who advised me that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

## Conclusion

14. Based on the foregoing, I have probable cause to believe, and I do believe, that BLETO-Banegas illegally re-entered the United States following his removal, in violation of Title 8, United States Code § 1326. I therefore request that the Court issue a criminal complaint and arrest warrant for BLETO-Banegas.

*By phone pursuant to Fed R. Crim. P. 4.1*
John Marshall, Deportation Officer
DHS/ICE/ERO

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 12:10 p.m. on July 17, 2025.

_____
HONORABLE JEFFREY ARMISTEAD
United States Magistrate Judge